UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS FULLER, et. al.,

    Plaintiffs,                                        Civil Action No. 2:12-12371
v.                                             HONORABLE VICTORIA A. ROBERTS
                                                UNITED STATES DISTRICT COURT

DANIEL H. HEYNS, et. al.;

    Defendants,
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT

This is a prisoner civil rights case under 42 U.S.C. § 1983. The plaintiffs are sixty Michigan prisoners who claim to be filing a "Class Civil Action Complaint." Ten of the prisoners, including the lead plaintiff Curtis Fuller, a/k/a Raleem X,[1] are confined at the Ionia Maximum Correctional Facility in Ionia, Michigan, one prisoner is confined at the Michigan Reformatory in Ionia, Michigan, twenty two prisoners are confined at the Huron Valley Women's Complex in Ypsilanti, Michigan, five prisoners are confined at the Marquette Branch Prison in Marquette, Michigan, two prisoners are confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, and the remaining twenty prisoners are confined at unidentified prisons around the State of Michigan. Only six of the plaintiffs, Mr. Fuller, Felicia Dyer, Ursula Heard, Thomas Marshall, Iesha

---

[1] Although the lead plaintiff lists his name as Raleem-X on the complaint, the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that Plaintiff Fuller is incarcerated under the name of Curtis Fuller and the Clerk of this Court has captioned the case with this name.

1

Northington, and Chris Jackson, have signed the complaint. Only one plaintiff, Mr. Fuller, has filed a motion to proceed *in forma pauperis*, in which he also appears to be asking to appear *pro per* "on behalf of the class." The complaint names forty two defendants.

The Court has reviewed the complaint. For the reasons that follow, the complaint will be dismissed without prejudice to the plaintiffs filing individual complaints on their behalf.

The Court will dismiss the complaint for several reasons. First, only one of the sixty plaintiffs, Curtis Fuller, has filed a motion for proceed *in forma pauperis.* The other fifty nine plaintiffs have not filed an application to proceed *in forma pauperis*, nor has anyone paid the $ 350.00 filing fee.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Although the PLRA does not specify how fees are to be assessed when multiple prisoners file a joint complaint, the Sixth Circuit has suggested that fees and costs should be divided equally in such cases between the plaintiffs. *In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1137-38 (6th

Cir. 1997).

Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he or she files an affidavit of indigency and a certified copy of the trust fund account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court normally must notify the prisoner of the deficiency and grant him or her thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir.1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

In the present case, the complaint is deficient because fifty nine out of sixty of the plaintiffs have not filed an application to proceed *in forma pauperis* or the required supporting documentation.

The Court further notes that although Plaintiff Fuller has submitted an application to proceed without prepayment of fees, the application does not include a financial certificate signed by plaintiff's custodian or designee, nor has Plaintiff Fuller provided the Court with a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months. Plaintiff Fuller's application to proceed *in forma pauperis* is therefore deficient.

An additional problem with the complaint is that it has only been signed by six out of the sixty plaintiffs. Rule 11 specifically states that "[e]very pleading, written motion,

and other paper must be signed by at least one attorney of record in the attorney's name-or by a party personally if the party is unrepresented." Fed.R.Civ.P. 11(a). The Rule further indicates that a court "must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* Moreover, a prisoner cannot sign a pleading on behalf of another prisoner in a legal proceeding in federal court. *See Valiant-Bey v. Morris*, 620 F. Supp. 903, 904 (E.D. Mo. 1985)(unlicensed jailhouse lawyer who claimed to be fellow prisoner's "counselor" could not sign documents on behalf of fellow prisoner in legal proceedings).

One additional problem with the complaint is that the plaintiffs have failed to provide sufficient copies of the complaint for service upon the defendants. An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *See Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). Where a plaintiff is proceeding *in forma pauperis,* the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Williams v. McLemore,* 10 Fed. Appx. 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

One additional problem with the complaint is that it appears that Plaintiff Fuller is seeking to represent the remaining plaintiffs as part of a class action suit. The Court will

4

deny any such request by Plaintiff Fuller or any other plaintiff in this case to file a class action because none of these plaintiffs can adequately protect the interests of the class. Numerous cases have held that a prisoner proceeding *pro se* is inadequate to represent the interests of his or her fellow inmates in a class action. *See Heard v. Caruso*, 351 Fed.Appx. 1, 15 (6th Cir. 2009); *Palasty v. Hawk,* 15 Fed. Appx. 197, 200 (6th Cir. 2001); *Craig v. Cohn,* 80 F. Supp. 2d 944, 956 (N.D. Ind. 2000); *Caputo v. Fauver,* 800 F. Supp. 168, 169 (D.N.J. 1992); *Avery v. Powell*, 695 F. Supp. 632, 643 (D.N.H. 1988).

If any of the plaintiffs had filed an individual complaint with the above mentioned deficiencies, this Court would issue an order for that plaintiff to correct the deficiencies within a certain period of time. If the plaintiff corrected the deficiencies, the case would proceed. If the plaintiff did not correct the deficiencies, the complaint would be dismissed. The difficulty in this case concerns when, where, how, and by whom these various deficiencies would or should be corrected. Also of concern to the Court is the potential prejudice to the various plaintiffs if there were delays by some of the other plaintiffs in correcting the deficiencies.

All of this points to a final problem with the complaint, namely, whether this Court should allow sixty different prisoners, who are incarcerated in several different prisons around the State of Michigan, to file a joint complaint. The Court is aware that the joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). Fed.R.Civ.P. 20(a)(1), in fact, indicates: "Persons may join in one

action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

Notwithstanding Fed. R. Civ. P. 20(a)(1), there are significant practical problems with allowing this many prisoners who are incarcerated at different facilities across the State of Michigan to proceed with the same complaint. As another judge in this district has noted, there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by Rule 20(a)." *Proctor v. Applegate,* 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009)(citing *Boretsky v. Corzine,* No. 2008 WL 2512916, * 5 (D.N.J. June 23, 2008)). Several of the problems that arise from multiple plaintiff prisoner litigation include the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id.* (*quoting Boretsky,* at * 5). Of particular relevance to the current complaint is the fact that allowing multiple prisoner-plaintiffs to proceed in a single action "invites violations of Rule 11(a), which requires every pleading to be signed by all *pro se* plaintiffs." *Proctor,* 661 F. Supp. 2d at 780 (citing *Ghashiyah v. Frank*, No. 2008 WL 680203, * 1 (E.D.Wis. March 10, 2008). Multiple plaintiff prisoner cases like these can also often lead to pleadings being filed on behalf of the other plaintiffs without their consent. *Id*. An additional problem with multi-

plaintiff litigation in the prisoner context is that "jail populations are notably transitory, making joint litigation difficult." *Id.* (*quoting Boretsky*, at \*5); *See also White v. Tennessee Bd. of Probation and Paroles*, No. 2007 WL 1309402 (W.D.Tenn. May 3, 2007)("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action"). Other district courts have also pointed to the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under under 42 U.S.C. § 1997e(a)." *Proctor,* 661 F. Supp. 2d at 780 (*quoting Boretsky*, at \*6)(additional citations omitted). Prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Id.* (*quoting Boretsky*, at \*6).

The Court recognizes that misjoinder of parties is not normally sufficient to dismiss an action in its entirety, although misjoined parties can be dismissed from the action by the Court. *See Proctor,* 661 F. Supp. 2d at 781 (citing Fed.R.Civ.P. 21)(additional citations omitted). However, in light of the many deficiencies in this case, the fact that the lead plaintiff appears to be attempting to file a class action on behalf of the other plaintiffs, as well as the fact that venue for a number of these lawsuits, would be more appropriate in the Western District of Michigan, where a number of the plaintiffs (including the lead plaintiff) are incarcerated, their particular causes of action arose, and a

7

number of defendants reside, [2] this Court believes that the best course of action would be to dismiss the complaint without prejudice to the individual plaintiffs filing complaints on their own behalf in the federal district court which has the appropriate venue over their claims.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiffs' "Class Civil Action Complaint" is **DISMISSED WITHOUT PREJUDICE** to the plaintiffs each filing individual complaints on their own behalf.

           S/Victoria A. Roberts
           Victoria A. Roberts
           United States District Judge

Dated:  June 22, 2012

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 22, 2012.
>
> s/Carol A. Pinegar
> Deputy Clerk

---

[2] Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b).  The proper venue for civil actions in which jurisdiction for the federal court is not based on diversity of citizenship is in the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action. 28 U.S.C. § 1391(b).  Public officials "reside" in the county where they serve. *See O'Neill v. Battisti,* 472 F. 2d 789, 791 (6th Cir. 1972).